ROBERT D. McCALLUM, JR., Assistant Attorney General
ELIZABETH J. SHAPIRO
MARCIA BERMAN, (Pro Hac Vice)
U.S. Department of Justice, Civil Division
901 E Street, N.W., Room 1043
Washington, D.C. 20530
Tel: (202) 514-3330
Fax: (202) 616-8470

PAUL M. WARNER, United States Attorney (3389)
CARLIE CHRISTENSEN, Assistant United States Attorney (0633)
185 South State Street, #400
Salt Lake City, Utah 84111-1538
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

*Attorneys for the United States Bureau of Reclamation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| **LIVING RIVERS, INC.,** | : | |
| | : | |
| Plaintiff, | : | Civil No. 2:02 CV 0644 TC |
| | : | |
| vs. | : | |
| | : | **ANSWER** |
| **UNITED STATES BUREAU OF RECLAMATION,** | : | |
| | : | |
| Defendant. | : | Hon. Tena Campbell |

Defendant United States Bureau of Reclamation ("BOR"), by and through counsel, answers the Complaint as follows:

### First Affirmative Defense

Defendant BOR is not a proper party defendant.

b

# COMPLAINT

1. The first paragraph of the Complaint is a characterization of plaintiff's lawsuit and contains legal conclusions to which no response is required. To the extent a response is deemed required, defendant BOR denies the allegations, except to admit that plaintiff requested "inundation maps" for Hoover Dam and Glen Canyon Dam, that plaintiff's request was denied based on Exemption 2 of FOIA, and that this action seeks declaratory and injunctive relief. Defendant BOR specifically denies that it has violated the Freedom of Information Act ("FOIA") and denies that it has improperly denied plaintiff's document request. Defendant BOR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations concerning plaintiff's need for the requested documents.

2. This paragraph contains plaintiff's statement of the jurisdictional basis for this action, to which no response is required, but insofar as a response is deemed required, defendant BOR admits that this Court has jurisdiction over this action pursuant to FOIA.

3. This paragraph contains plaintiff's statement of the venue for this action, to which no response is required, but insofar as a response is deemed required, defendant BOR admits that this Court is a proper venue for this action.

4. Defendant BOR admits the allegations in this paragraph only to the extent that the plaintiff is Living Rivers, Inc. Defendant BOR lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

5. Defendant BOR denies that it is a federal "agency" within the U.S. Department of the Interior. Rather, BOR is a bureau within the U.S. Department of the Interior. Defendant BOR admits that it is in possession of the requested documents and that it is required to provide

documents to the public pursuant to FOIA unless documents are properly exempt from disclosure.

6. Defendant BOR admits that plaintiff sent letters to BOR on September 19, 2001 requesting information. The remaining allegations in this paragraph are characterizations of those letters which speak for themselves, to which no response is required.

7. Defendant BOR admits that it denied plaintiff's request pertaining to Hoover Dam, but states that the denial was dated November 9, 2001, rather than November 8, 2001. Defendant BOR admits that it denied plaintiff's request pertaining to Glen Canyon Dam on November 19, 2001. The remaining allegations in this paragraph are characterizations of documents which speak for themselves, to which no response is required.

8. Defendant BOR admits that on December 10, 2001, Living Rivers appealed the decisions denying their requests, but denies that plaintiff appealed to BOR. Rather, defendant BOR states that plaintiff appealed to the U.S. Department of the Interior. Defendant BOR denies that it denied plaintiff's appeal, but states that on April 2, 2002, the U.S. Department of the Interior denied plaintiff's appeal. The remaining allegations in this paragraph are characterizations of documents which speak for themselves, to which no response is required.

9. Defendant BOR incorporates herein by reference its answers to paragraphs 1-8 above.

10. This paragraph contains legal conclusions, to which no response is required, but insofar as a response is deemed required, defendant BOR denies the allegations in this paragraph.

REQUEST FOR RELIEF

Paragraphs 1-4 of plaintiff's "Request for Relief" contain plaintiff's prayer for relief, to

which no response is required. To the extent that a response may be required, defendant BOR denies that plaintiff is entitled to the requested relief or to any other relief.

Defendant BOR denies any and all allegations of the Complaint not expressly admitted herein.

**WHEREFORE**, defendant BOR respectfully requests that this action be dismissed with prejudice and that the Court grant defendant BOR such other relief as may be appropriate.

DATED this 20th day of September, 2002.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

*/s/ Carlie Christensen*
ELIZABETH J. SHAPIRO
MARCIA BERMAN
U.S. Department of Justice, Civil Division

OF COUNSEL:

ROBERT MOLL
ROBIN FRIEDMAN
Division of General Law
Department of Interior

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2002 a true and correct copy of Defendant's Answer was served by first class mail, postage prepaid, on:

Matt Kenna
679 E. 2nd Ave., Suite 11B
Durango, CO 81301

Joro Walker
Land and Water Fund of the Rockies
1473 South 1100 East, Suite "F"
Salt Lake City, Utah 84105

*[signature: Linda Senori]*